**Jennie FEIG, Plaintiff,**

v.

**AMERICAN AIRLINES, Inc., a corporation, Defendant.**

**Civ. A. No. 967–58.**

United States District Court
District of Columbia,
Civil Division.

Dec. 3, 1958.

S. Anthony diCiero, Washington, D. C., for plaintiff.

Richard W. Galiher, Washington, D. C., for defendant.

PINE, District Judge.

Plaintiff purchased from defendant a round trip ticket from Washington to Mexico City and a "Tour Order" directed to Embassy Tours, Mexico City, to be presented to its representative at Mexico City Airport. It entitled her to a tour in Mexico. She arrived safely at the airport at Mexico City where she was met by a representative of Embassy Tours who transported her to her hotel. Two or three days thereafter, while a passenger in an automobile operated by an agent of Embassy Tours on a sightseeing tour through Mexico City, the automobile was in collision with a truck and she was injured.

The Tour Order provided as follows:

"Tour services * * * are furnished by independent contractors who are not agents or servants of the Company. The Company and its agents in issuing this order act solely as agent of the tour operators. In issuing this order upon tour operators * * * the Company acts only as agent for the tour operators. * * * The acceptance of this order by the passenger * * * shall be deemed to be consent to and acceptance by such person of the further condition that neither the company nor any of its subsidiary * * companies shall be liable or responsible in any way whatsoever for any * * * injury * * * of any person arising out of or in connection with such tour services * * *."

This was the contract between the parties and would seem to relieve defendant of any liability for injuries sustained by plaintiff after her safe arrival in Mexico City. It is not a case, as plaintiff contends, where a carrier attempts to limit its common law liability to passengers by contract of carriage, in which case such limitation must be distinctly declared and deliberately accepted by the passenger to be valid. Instead, this is a disclaimer or disavowal of the *existence* of any such relationship between plaintiff and defendant so far as tour services after arrival at Mexico City are concerned. The passenger-carrier relationship was terminated with the carriage of the plaintiff to Mexico City, and the tour services were furnished by independent tour contractors not agents of defendant. In the absence of a special contract to the contrary, the carrier's responsibility is discharged by safe carriage over its own line. Howard v. Chesapeake & Ohio Railway Co., 11 App. D.C. 300, 339; Spears v. Transcontinental Bus System, 9 Cir., 226 F.2d 94.

The fact that plaintiff paid defendant the price of the tour service at the same time she purchased her ticket for airline transportation does not make defendant responsible for the acts of those for

whom it was only acting as agent in arranging the tour and over whom it exercised no control, and creates no liability on the part of defendant, especially when considered in the light of the express contract set forth in the tour order.

Motion for summary judgment should be granted. Counsel will submit order.